IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NICOLE D. CUTWRIGHT, LAQUANDA E. GEORGE, and KIMBERLY HOWARD, | ) ) ) | |
| Plaintiffs | ) | |
| v. | ) | No. 3:06-cv-241 |
| UNIVERSITY CARDIOLOGY, a/k/a KNOXVILLE CARDIOVASCULAR GROUP, PC, | ) ) ) | |
| Defendant | ) | |

## **MEMORANDUM AND ORDER**

This is a Title VII action brought by three African-American former employees of the defendant. Each of the three claim that they were discriminated against on the basis of race when they were terminated from their employment with the defendant. Currently pending is the defendant's motion to sever the three lawsuits because they were not properly joined together under Rule 20(a), Federal Rules of Civil Procedure [Court File #4]. Alternatively, defendant requests that separate trials be held pursuant to Rule 42, Federal Rules of Civil Procedure. For the reasons that follow, defendant's motion to sever [Court File #4] will be granted.

The defendant hired plaintiff LaQuanda George on September 24, 2004, as a medical assistant for Dr. J. Christopher Scott. Defendant claims that Ms. George's employment was terminated eight months later, on May 31, 2005, due to poor job performance.

The defendant hired plaintiff Nicole Cutwright on March 15, 2004, as one of three front desk receptionists. Defendant terminated Ms. Cutwright's employment on September 27, 2005, allegedly due to poor job performance. In addition to a claim for race discrimination under Title VII, Ms. Cutwright makes a claim for retaliation also under Title VII.

The defendant hired Kimberly Howard on August 16, 2004, as one of the three front desk receptionists. She had previously worked for defendant as a receptionist through a temporary staffing agency. Ms. Howard's employment was terminated on July 13, 2005, allegedly due to excessive tardiness and absenteeism.

Rule 20(a), Federal Rules of Civil Procedure, permits joinder of plaintiffs in one action where: "(1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). If the test for permissive joinder is not satisfied, a court, in its

discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. *Id.* In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs. *Id.* The determination of whether severance is appropriate lies within the sound discretion of the trial court. *Id.*

Upon a careful review of the complaint, it is apparent that the three individual plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Rather, each plaintiff was hired separately and terminated at a different time. Plaintiffs each have different work history, were employed in different jobs, and defendant's decisions to terminate each of them are based on different factual allegations. Defendant may have different defenses to each of the plaintiffs' claims. Even if these claims were tried together, the court and/or jury would have to give each claim individualized attention, and the proof in each case would be dissimilar.

In light of the foregoing, defendant's motion to sever [Court File #4] is hereby GRANTED. The claim of the first named plaintiff, Nicole D. Cutwright, will remain pending as Civil Action No. 3:06-cv-241. Plaintiffs will then be permitted to refile the claims of LaQuanda E. George and Kimberly Howard separately upon payment of the appropriate filing fee, and the filing of these complaints will relate

back to the date of the filing of this lawsuit if the case is refiled within ninety (90) days from the date of the entry of this memorandum and order. The Clerk shall assign each new case a separate civil action number as it is filed.

**E N T E R :**

                                                    ***s/ James H. Jarvis***
                                      UNITED STATES DISTRICT JUDGE